# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**KEITH LONDON,**
        Petitioner,

    v.                            Case No. 12-CV-01078

**JEAN DiMOTTO, DAVID A. CLARK, JR.,**
**and RICHARD POULSEN,**
        Respondents.

## DECISION AND ORDER

      Pro se petitioner Keith London filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 asserting that he is being held in custody in violation of the Constitution or laws of the United States. The petition provides very few details about petitioner's incarceration. He states only that he is being "unlawfully detained" without explaining why his detention is unlawful. However, publicly available Wisconsin court records and the Wisconsin Department of Corrections' Inmate Locator reveal that, on October 17, 2012, petitioner was convicted in Milwaukee County Circuit Court of 17 counts of medical assistance fraud under Wis. Stat. § 49.49(1)(a)1. As a result, he is currently being held at Dodge Correctional Institution. I assume he is challenging the validity of this conviction or the sentence that resulted from it.

      Ordinarily, a habeas petitioner must pay a statutory filing fee of $5 to file an application for habeas review in federal court. 28 U.S.C. § 1914(a). The present petitioner, however, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Section 1915 is meant to ensure indigent litigants meaningful access to federal courts.

*Nietzke v. Williams*, 490 U.S. 319, 324 (1989). Under § 1915, an indigent party may commence a federal court action, including a petition for habeas corpus relief, without paying required costs and fees, upon submission of an affidavit asserting inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and the affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). In this case, petitioner has filed the required affidavit of indigence, and, upon review of that affidavit, the court is satisfied that petitioner is unable to pay the $5 filing fee. His prisoner trust account statement shows that he has a balance in his account of -$23.64. Therefore, I will grant his request to proceed in forma pauperis.

Turning to the merits of the petition, I find that petitioner needs to refile his petition as one under 28 U.S.C. § 2254, instead of § 2241. Petitioner is being held pursuant to a state court judgment, and § 2254 encompasses any application for relief "in behalf of a person in custody pursuant to the judgment of a State court . . . on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Thus, petitioner should challenge his confinement under § 2254. *Walker v. O'Brien*, 216 F.3d 626, 632–33 (7th Cir. 2000). I could re-characterize the petition as one under § 2254, but there are more restrictions on these petitions than § 2241, including restrictions on second and successive petitions. *See* 28 U.S.C. § 2244(b). Therefore, petitioner should consent to re-characterizing his petition before I do so by filing an amended petition. It is also necessary for him to amend his petition so he can provide the court with more details about why he believes he is being unlawfully detained.

I will give petitioner 30 days to amend his petition. If he chooses not to amend his petition, I will dismiss this case for failure to prosecute. Along with a copy of this order, I will have the clerk of the court include a copy of the clerk's office form for filing a pro se § 2254 petition.

**THEREFORE, IT IS ORDERED** that petitioner's request to proceed in forma pauperis [DOCKET #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that he has until **March 18, 2013** to file an amended petition under 28 U.S.C. § 2254. If petitioner does not file an amended petition by this date, I will dismiss this case.

**IT IS FURTHER ORDERED** that the motion for production of evidence [DOCKET #9] and motion for discovery [DOCKET #10] are **DENIED AS MOOT**.

Dated at Milwaukee, Wisconsin, this 15th day of February 2013.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge